**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------x
ITSCHAK MADAR,                             :
on behalf of plaintiff and a class,        :
                                           :
                        Plaintiff,         :     Case No.   19-cv-231
                                           :
            vs.                            :
                                           :
SEQUIUM ASSET SOLUTIONS, LLC;              :
RESURGENT CAPITAL SERVICES, L.P.,          :
and LVNV FUNDING, LLC;                     :
                                           :
                        Defendants.        :
-----------------------------------------------------x
```

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Itschak Madar brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Sequium Asset Solutions, LLC ("Sequium"), Resurgent Capital Services, L.P. ("Resurgent"), and LVNV Funding, LLC ("LVNV").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because:

     a.      Defendants' collection communication (Exhibit A) was received by plaintiff within this District;

     b.      Defendants do or transact business within this District.

## PARTIES

9.      Plaintiff Itschak Madar  is an individual who resides in Brooklyn, New York.

10.      Defendant Sequium is a limited liability company organized under Georgia law with offices at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.  Its registered agent and office is Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

11.      Defendant Sequium operates a collection agency, using the mails and telephone system to collect consumer debts allegedly owed to others.

12.      Defendant Sequium is a debt collector as defined in the FDCPA.

13.      Defendant LVNV is a limited liability company organized under Delaware law with offices at 6801 S. Cimarron Rd., Ste. 424-J, Las Vegas, NV 89113. It does business in New

York.  Its registered agent and office is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

14.    Defendant LVNV is engaged in the business of purchasing, or claiming to purchase, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

15.    Defendant LVNV pays an average of less than ten cents on the dollar for the debts.

16.    Defendant LVNV then attempts to collect the purchased debts by legal proceedings and having debt collectors dun consumers.

17.    Defendant LVNV is the plaintiff in more than 10,000 collection lawsuits per year.

18.    Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

19.    The sole source of income of LVNV is liquidation of consumer debts it purchases.

20.    Defendant LVNV  is a "debt collector" as defined in the FDCPA.

21.    Defendant Resurgent is a limited partnership entity organized under Delaware law with offices at 55 Beattie Place,  Ste. 110, Greenville, SC 29601.   It does business in New York. Its registered agent and office is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

22.    Defendant Resurgent operates a collection agency.

23.    Defendant Resurgent holds one or more collection agency licenses.

24.    Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

25.    Defendant Resurgent is a debt collector as defined in the FDCPA.

26.    All collection activities complained of herein were conducted at the direction of Resurgent, pursuant to the relationship described below.

27.    Notwithstanding the substantial volume of collection activity in which it engages,

LVNV claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

28.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

29.     Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers.  As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

30.     Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

31.     The above statements continue to describe the relationship between LVNV and Resurgent.

32.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

33.     On information and belief, based on the Resurgent web site and statements in the

4

Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS

34.     In 2011, LVNV obtained a judgment against Mr. Madar in Kings County Civil Court.  On information and belief, the amount of the judgment was $9,857.27.

35.     The judgment was based on a credit card debt for personal, family or household purposes and not for business purposes.

36.     In 2016, Mr. Madar received a letter stating that the balance owed was $11,816.64 (Exhibit B).

37.     In 2017, Mr. Madar received a letter stating that the balance owed was $12,576.15 (Exhibit C).

38.     It is apparent from Exhibits B and C that interest was added to the judgment.

39.     On or about November 8, 2018, defendant Sequium, acting at the direction of defendant Resurgent and on behalf of defendant LVNV, sent Mr. Madar a letter (Exhibit A) stating that the current balance was $11,816.64 and that "interest continues to accrue on this judgment."

40.     Mr. Madar had not made any payments on the judgment.

41.     Exhibit A is the first letter Mr. Madar received from Sequium regarding the debt.

42.     On information and belief, Exhibit A is a form letter intended for use as the initial letter Sequium sends to a consumer regarding a debt reduced to judgment.

43.     On information and belief, Exhibit A is filled out by computer based on information in the files of LVNV and Resurgent.

44.     Exhibit A contradicts the prior letters (Exhibits B-C), leaving the consumer confused as to the amount claimed and the addition of interest.

45.     On information and belief, the reasons that Exhibit A does not accurately state the

amount of the debt are that:

    a.    LVNV or Resurgent furnished incorrect information to Sequium, and

    b.    Sequium did not bother checking the information furnished to see that it was consistent and coherent, such as obtaining the amount of the judgment and the applicable rate of interest and determining if they appeared to make sense.

46.    LVNV has more than 500 outstanding judgments against residents of New York.

## COUNT I – FDCPA – CLASS CLAIM

47.    Plaintiff incorporates paragraphs 1-46.

48.    The form letter attached as Exhibit A violates 15 U.S.C. §1692e, 1692e(2), 1692e(10) and 1692g, in that it fails to accurately state the amount of the debt, as required, and is confusing and misleading as to the amount of the debt.

49.    Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the**

**current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

50.    Section 1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

> **(A) the character, amount, or legal status of any debt; or**

> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. .**

7

. .

## CLASS ALLEGATIONS

51.    Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.    The class consists of (a) all individuals (b) who are the subject of judgments entered in New York state courts (c) in favor of LVNV (d) who were sent a letter on behalf of LVNV seeking to collect the judgment (e) in which the amount of the debt was a sum other than (i) the amount of the judgment, (ii) minus payments, (iii) plus interest pursuant to CPLR § 5004 or other applicable law on the amount outstanding from time to time, (iv) minus any amounts credited or waived by LVNV, (f) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

53.    The subclass consists of class members whose letter was sent by Sequium.

54.    On information and belief, based on the large number of judgments LVNV has, the class and subclass are so numerous that joinder of all members is not practicable.

55.    There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common question is whether the method used by LVNV and Resurgent to determine the amount owed on New York judgments is inaccurate.

56.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

57.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

58.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

8

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

# Sequium Asset Solutions, LLC

1130 Northchase Parkway, Suite 150
Marietta, GA 30067
Toll-Free: 800-541-1734
Hours: Monday through Friday 9 AM – 5 PM Eastern Time Zone

| Account Information | |
|---|---|
| Date: | 11/06/18 |
| Reference #: | 28875422 |
| Current Creditor Name: | Lvnv Funding LLC |
| Original Creditor Name: | Washington Mutual Bank, Na |
| Original Creditor Account #: | XXXXXXXXXXXX3300 |
| Current Balance: | $11,816.64 |
| Date of Delinquency: | 10/03/07 |

**Don't want to speak to a representative? Please visit www.sequium.com to communicate with us about your account.**

| | |
|---|---|
|  | Secure, Convenient and Easy to Use. You can now pay online at: www.sequium.com We accept all major credit cards |
|  | You can now make payments using our mobile app. Download Now! |
|  | Telephone Hours: Monday – Friday, 9 AM – 5 PM EST. Tel: 678-228-0000 Fax: 678-228-0019 |
|  | Send Mail To: Sequium Asset Solutions, LLC 1130 Northchase Parkway, Suite 150 Marietta, GA 30067 |



**NOTICE OF JUDGMENT COLLECTION**

Dear Itschak Madar:

This notice is being sent to you by a collection agency. Please be advised that Lvnv Funding LLC, the Current Creditor-Debt Purchaser, has purchased the account referenced above. Our records indicate that the judgment that was awarded on 9/23/2011 remains unresolved. This is the date on which the balance became due.

Sequium Asset Solutions, LLC understands that each person's financial situation is different and unique. We are confident we can assist you in resolving your outstanding balance through a monthly payment arrangement that meets your current financial situation.

You can contact us at the phone number listed above or you can communicate with us about your account at www.sequium.com.

If you would like to make a payment on your account we have convenient ways to pay:

• **Pay Online:** Please visit www.sequium.com to communicate with us about your account
• **Pay By Mobile App:** Please download our mobile app from the App Store or Play Store
• **Pay By Phone:** Please call the number listed above and speak with a representative
• **Pay By Mail:** Please enclose the bottom portion of this letter with your payment

Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.

Sincerely,
Sequium Asset Solutions, LLC

As of the date of this letter, you owe $11,816.64. Because interest continues to accrue on this judgment, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If we are not able to adjust any remaining balance in order to clear the account, we will inform you before depositing your payment. For further information, write to the above address or call us at the phone number provided.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
**Please see reverse side for important consumer rights information.**

FRMC // 01074 // 5885 / 212023348551 / 0004276 / 0019          *** Detach Lower Portion And Return With Payment ***

| Itschak Madar | |
|---|---|
| **Reference #:** | 28875422 |
| **Current Creditor Name:** | Lvnv Funding LLC |
| **Original Creditor Name:** | Washington Mutual Bank, Na |
| **Original Creditor Account #:** | XXXXXXXXXXXX3300 |
| **Current Balance:** | $11,816.64 |
| **Amount Enclosed:** | $ |

PO Box 1699
Southgate, MI 48195-0699
CHANGE SERVICE REQUESTED

Itschak Madar

4560

Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

Department of Consumer Affairs licensee number is 2047963-DCA.

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | Sherman Originator LLC |
| Sherman Originator III LLC | | |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

# EXHIBIT B

# BERMAN & RABIN, P.A.

ATTORNEYS AT LAW
15280 METCALF AVE.
OVERLAND PARK, KS 66223
P.O. BOX 24237-66283
FAX: (913) 649-2335

August 25, 2016

Creditor: LVNV FUNDING LLC WASHINGTON MUTUAL BANK    Assignee Of Washington Mutual Bank, NA
Our Account Number: R211056-51
Balance: $11,816.64

## SETTLEMENT OFFER

The above referenced creditor has authorized us to settle your account for 50% of your balance or the sum of $5,908.32.  Please send your payment to our office on or before September 24, 2016.

If you would like to pay by phone, please call Dayne Thrower 913-777-7209 or toll free at 877/649-3078 to take advantage of this great savings. We are not obligated to renew this offer.

We accept checks by phone and post dated checks.

Settling a debt for less than the balance owed may have tax consequences for you. If the amount forgiven is $600 or more, LVNV FUNDING LLC WASHINGTON MUTUAL BANK    Assignee Of Washington Mutual Bank, NA may need to file a 1099C form with the IRS. We cannot provide you with tax advice. If you have any questions, we encourage you to consult a tax adviser of your choosing.

This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you dispute this debt, or any portion of it, within 30 days after you receive this notice, we will assume that it is valid. If you notify us in writing within the 30 day period that you dispute this debt or any portion of it, we will obtain verification of the debt or a copy of any judgment and mail it to you. If the above creditor is not your original creditor and you submit a written request within the 30 day period for the name and address of the original creditor, we will supply such information to you.

Sincerely,

BERMAN & RABIN, P.A.

In accordance with the New York State Department of Financial Services, 23 NYCRR 1, we are required to inform you of the following:

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    a)   The use or threat of violence;
    b)   The use of obscene or profane language; and
    c)   Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

    1.    Supplemental security income (SSI);
    2.    Social security;
    3.    Public assistance (welfare);
    4.    Spousal support, maintenance (alimony) or child support;
    5.    Unemployment benefits;
    6.    Disability benefits;
    7.    Workers' compensation benefits;
    8.    Public or private pensions;
    9.    Veterans' benefits;
    10.   Federal student loans, federal student grants, and federal work study funds; and
    11.   Ninety percent of your wages or salary earned in the last sixty days.

CCLBERM01DSIF50-822129775

***Detach Lower Portion and Return with Payment***

| | | CHECK CARD USING FOR PAYMENT | |
|---|---|---|---|
| ☐ ▭▭  ☐ ⬭▭ | | | |
| CARD NUMBER | | CVV # | EXP. DATE / |
| CARDHOLDER NAME | | | AMOUNT $ |
| CARDHOLDER SIGNATURE | | | |

CLBERM01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

August 25, 2016

Berman and Rabin, P.A.
PO Box 24327
Overland Park KS 66283-4327

Itschak Madar

Our Account Number: R211056-51
Balance: $11,816.64

# EXHIBIT C

P.O. Box 620130
Atlanta, GA 30362-9894                          27

*Personal & Confidential*

➤ *Address Changed? Make Changes Below*

Itschak Madar

➤ Billing Phone Number: _____

➤ E-Mail Address: _____

➤ *Make check or money order payable to Nations Recovery Center* ◄
▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

**NRC Nations Recovery Center, Inc.**
6491 Peachtree Industrial Blvd. Atlanta, GA 30360
**www.PayNRC.com**

Hours of Operation
Monday - Thursday 9AM-9PM EST
Friday 9AM-5PM EST
Saturday 9AM-1PM EST

| | |
|---|---|
| File #: | 7099126 |
| Current Creditor: | LVNV FUNDING LLC |
| Original Creditor: | Washington Mutual Bank NA |
| Account #: | xxxxxxxxxxxx3300 |
| Judgment Date: | 09/23/2011 |
| Balance: | $12,576.15 |

**PAY THIS AMOUNT**

---

**Payment coupon (top):**

ZIP CODE

☐ VISA  **VISA**  ☐ MASTERCARD  ☐ MasterCard  ☐ DISCOVER **DISCOVER**

CARD NUMBER                    EXP. DATE    AMOUNT

NAME AS IT APPEARS ON CARD        MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD

SIGNATURE                         FILE NUMBER:
                                  7099126

Nations Recovery Center, Inc.
P.O. Box 620130
Atlanta, GA 30362-2130

▲ Pay To Us ▲

---

06/22/2017

## ACCOUNT NOTICE

Dear Itschak Madar:

The above creditor has placed your account with our company for collection. We realize it may have been an oversight on your part and not an intentional disregard of an obligation.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call us should you wish to resolve this matter. You may also pay 24/7 at www.PayNRC.com.

Calls received outside of office hours will be promptly returned. Please leave your name, phone number and/or convenient time you wish to be called.



Mail payment in enclosed envelope



Pay online by credit card:
**www.PayNRC.com**
File Number: 7099126



Call us:
(800) 935-1139



Scan this code with your smartphone to pay your bill online.

As of the date of this letter, you owe $12,576.15. Because the interest continues to accrue on this judgment, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If we are not able to adjust any remaining balance in order to clear the account, we will inform you before depositing your payment to clear the balance. For further information, write the undersigned or call us at the number provided.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Sincerely,
Brian Wilson